J-S44008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNEL J. MCDONALD, | |
| Appellant | No. 3285 EDA 2016 |

Appeal from the Judgment of Sentence Entered October 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011816-2012

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 16, 2017**

Appellant, Vernel J. McDonald, appeals from the judgment of sentence of an aggregate term of 7½ to 15 years' incarceration, imposed after a jury convicted him of voluntary manslaughter, carrying a firearm without a license (hereinafter, "VUFA 6106"),[1] carrying a firearm on a public street in Philadelphia (hereinafter, "VUFA 6108"), and possessing an instrument of crime (hereinafter, "PIC").  On appeal, Appellant seeks to challenge the discretionary aspects of his VUFA 6106 sentence.  Additionally, his counsel, Stephen T. O'Hanlon, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful

_____

[1] We use VUFA 6106 to refer to the fact this offense is a violation of section 6106 of the Uniform Firearms Act, 18 Pa.C.S. §§ 6101-6127.

review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

A detailed recitation of the facts underlying Appellant's convictions is unnecessary to our disposition of his appeal. We only note that on June 13, 2012, Appellant shot and killed Tyrell Brown during a botched drug deal. Appellant was tried before a jury, and on July 2, 2014, he was convicted of the above-stated offenses. On September 16, 2014, the court sentenced him to 5 to 10 years' incarceration for his voluntary manslaughter conviction, concurrent terms of 1 to 2 years' imprisonment for each of his PIC and VUFA 6108 convictions, and a consecutive term of 2½ to 5 years' incarceration for his VUFA 6106 offense. Therefore, Appellant's aggregate sentence was 7½ to 15 years' incarceration.

Appellant filed a timely notice of appeal, and after this Court affirmed his September 16, 2014 judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal. *See Commonwealth v. McDonald*, 125 A.3d 457 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 129 A.3d 1242 (Pa. 2015).

Appellant thereafter filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and Attorney O'Hanlon was appointed to represent him. In an amended petition filed on June 1, 2016, Attorney O'Hanlon asserted that Appellant's trial counsel was ineffective for not objecting to the sentencing court's incorrectly utilizing a deadly-weapon-enhancement (DWE) sentencing guideline range with respect to Appellant's

conviction for VUFA 6106. On October 13, 2016, the PCRA court vacated Appellant's judgment of sentence and resentenced him, that same day, to a term of 5 to 10 years' incarceration for voluntary manslaughter, a concurrent term of 6 to 12 months' for PIC, a concurrent term of 1 to 2 years' incarceration for VUFA 6108, and a consecutive term of 2½ to 5 years' incarceration for VUFA 6106. In other words, the court imposed the same aggregate sentence of 7½ to 15 years' incarceration.

Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal. When the court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Attorney O'Hanlon submitted a Rule 1925(c)(4) statement of his intent to file an **Anders/Santiago** brief. On January 23, 2017, Attorney O'Hanlon filed with this Court a petition to withdraw from representing Appellant. He also filed an **Anders/Santiago** brief, asserting that the single sentencing issue Appellant seeks to raise on appeal is frivolous, and that Appellant has no other non-frivolous issues that counsel could present herein.

When faced with a petition to withdraw and **Anders/Santiago** brief,

> [t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

>> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied,* 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders/Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney O'Hanlon's *Anders/Santiago* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's sentencing claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney O'Hanlon also

- 4 -

states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders/Santiago** brief, and he attached a letter directed to Appellant in which he informs Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's sentencing issue is frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

Appellant seeks to argue that the trial court abused its discretion by resentencing him to the same term of incarceration for VUFA 6106 as the court had originally imposed when utilizing the incorrect DWE guideline ranges. Appellant's argument constitutes a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Attorney O'Hanlon preserved Appellant's sentencing claim in a post-sentence motion, and he filed a timely appeal on Appellant's behalf. However, counsel did not include a Rule 2119(f) statement in his ***Anders/Santiago*** brief. Nevertheless, this Court has overlooked the omission of a Rule 2119(f) statement where counsel is seeking to withdraw. ***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009); ***see also Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement."). Therefore, "we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Zeigler***, 112 A.3d at 661.

In assessing Appellant's claim that the court erred in resentencing him, we apply the following, well-settled standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (quotations marks and citations omitted). *See also* ***Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957, 961 (2007) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached a

different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice bias or ill-will, or such a lack of support as to be clearly erroneous.").

***Commonwealth v. Coulverson***, 34 A.3d 135, 143–44 (Pa. Super. 2011).

After reviewing the record in this case, it is clear that Appellant cannot demonstrate an abuse of discretion by the trial court in resentencing him to the same term of incarceration for VUFA 6106 as the court had originally imposed under the DWE sentencing guidelines. The offense gravity score for VUFA 6106 is 9. ***See*** N.T. Resentencing, 10/13/16, at 6. Appellant's prior record score at the time of his resentencing hearing was 1. ***Id.*** Therefore, under the non-DWE Sentencing Guidelines, Appellant faced a standard range, minimum sentence of 18 to 30 months' incarceration for that offense. ***Id.*** He received a minimum sentence of 30 months' incarceration, thus constituting a standard range sentence.

We recognize that at the resentencing hearing, Appellant stressed that his original VUFA 6106 sentence was in the ***mitigated*** range of the DWE sentencing guidelines. ***See id.*** at 7. Accordingly, Appellant argued that he should again receive a mitigated range sentence under the non-DWE sentencing guidelines, which would mean a minimum term of 6 to 12 months' incarceration. ***Id.*** However, the court explained that it "was not [the court's] intent to sentence [Appellant] in the mitigated range" at the original sentencing proceeding; instead, it was simply a coincidence that the sentence the court felt was appropriate, *i.e.*, 2½ to 5 years' incarceration, fell within the mitigated (rather than standard) range of the DWE guidelines.

*Id.* at 9, 14. The court stated that it still believed a term of incarceration of 2½ to 5 years was appropriate for Appellant's VUFA 6106 offense, despite that that sentence fell within the **standard** range of the non-DWE guidelines. *Id.* at 9.

In regard to why this sentence was appropriate, the trial court referred to the reasons it stated at Appellant's initial sentencing hearing, including that Appellant had made the conscious decision "to load [himself] with a gun." *Id.* at 8. At the original sentencing hearing, the court had elaborated that, even if Appellant's act of shooting the victim was "spur-of-the-moment[,]" he had consciously decided to illegally carry a loaded gun on the day of the shooting. N.T. Sentencing, 9/16/14, at 33. The court stressed that Appellant's decision to carry that gun, and his "foresight to bring someone with [him] that also had a loaded gun[,]" had "put the chain of events into action." *Id.* at 33-34. The court also pointed out that Appellant "at any point … could have made the decision to stop it before [he] got there[,]" yet he chose not to. *Id.* at 34. For those reasons, the court believed a consecutive term of 2½ to 5 years' incarceration for Appellant's VUFA 6106 conviction was appropriate, and it maintained that belief at the time of Appellant's resentencing.

We do not ascertain any unreasonableness in the court's sentencing decision. Clearly, at Appellant's resentencing hearing, the court considered the sentencing guidelines, and was cognizant of the fact that the term of incarceration it was imposing was a standard, rather than mitigated, range

sentence under the non-DWE guidelines. The court was not bound to impose a mitigated range term of incarceration simply because its original sentence was within the mitigated range of the DWE guidelines. ***See Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) ("When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it is not bound by the Sentencing Guidelines.") (citations omitted).

Therefore, we agree with Attorney O'Hanlon that Appellant's challenge to his VUFA 6106 sentence is frivolous. Additionally, our independent review of the record reveals no other non-frivolous issues that Appellant could present herein. Consequently, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2017